IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JAN 2 9 2019

CLERK, U.S. DISTRICT COURT
By_____
Deputy

RICHARD ALLAN GARD,                    §
                                       §
            Petitioner,                §
                                       §
v.                                     §        No. 4:17-CV-925-A
                                       §
LORIE DAVIS, Director,                 §
Texas Department of Criminal           §
Justice, Correctional                  §
Institutions Division,                 §
                                       §
            Respondent.                §

### MEMORANDUM OPINION
### and
### ORDER

This is a petition for a writ of habeas corpus pursuant to
28 U.S.C. § 2254 filed by petitioner, Richard Allan Gard, a state
prisoner confined in the Correctional Institutions Division of
the Texas Department of Criminal Justice (TDCJ), against Lorie
Davis, director of TDCJ, respondent. After having considered the
pleadings, state court records, and relief sought by petitioner,
the court has concluded that the petition should be denied.

### I. FACTUAL AND PROCEDURAL HISTORY

On February 17, 2011, following a short trial, a jury in
Tarrant County, Texas, Case No. 1184098D, found petitioner guilty
on one count of possession of a controlled substance,
methamphetamine, in the amount of four grams or more but less
than 200 grams, with intent to deliver. (Clerk's R. 53, doc. 11-
11.) Subsequently, the trial court found the habitual-offender

notice in the indictment not true and assessed petitioner's punishment at 30 years' confinement in TDCJ. (Reporter's R., vol. 6, 70, doc. 11-18.) Petitioner's conviction was affirmed on appeal and the Texas Court of Criminal Appeals refused his petition for discretionary review. (Docket Sheet 1-2, doc. 11-2.) Petitioner also sought postconviction state habeas-corpus relief by challenging his conviction in a state habeas application, which was denied by the Texas Court of Criminal Appeals without written order on the findings of the trial court. (SHR02[1] 2-31 & Action Taken.) This federal petition followed.

The state appellate court summarized the factual background of the case as follows:

> In December 2009, Euless Police Department Officer Hung Ho obtained a search warrant for [petitioner]'s home and car. Several plain clothes officers, including Officer Ho, were stationed near [petitioner]'s home to wait for his arrival. The officers saw [petitioner] drive toward his home and then continue past it. Officer Ho followed [petitioner] in an unmarked police car and witnessed three traffic violations. Officer Ho then called marked patrol units to the scene to stop [petitioner]. [Petitioner] stopped his car, and Officer Ho approached him, commanding him to get out of the car. Because [petitioner] did not immediately do so, Officer Ho pulled him from the car, put him on the ground on his stomach, and placed him in handcuffs. According to Officer Ho's testimony at trial, when officers rolled [petitioner] onto his back, they found, where [petitioner]'s stomach had been, two baggies containing methamphetamine and three empty plastic baggies. Officer Ho testified that these items were not on the street before he put [petitioner] on the ground.

---

[1]"SHR02" refers to the record of petitioner's state habeas proceeding in WR-83,445-02.

The police searched [petitioner], finding a cell phone and $590. The police also searched [petitioner]'s car and found another plastic bag containing methamphetamine, a digital scale, and "some other various pills." The police later searched [petitioner]'s home and found three more bags of methamphetamine.

A Tarrant County grand jury indicted [petitioner] for possessing more than four grams but less than two hundred grams of methamphetamine with intent to deliver. [Petitioner] pled not guilty. Before trial, [petitioner] filed a motion to suppress evidence concerning items "seized from his person, the ground around him, and the motor vehicle . . . as such was obtained as a result of an illegal search . . . in violation of his rights." Under a broad construction of the motion to suppress, [petitioner] argued, among other assertions, that the search of his car was made without a warrant or another ground supporting the search. The trial court denied [petitioner]'s motion.

(Mem. Op. 2-3, doc. 11-6.)

## II. ISSUES

Petitioner asserts that he received ineffective assistance of trial and appellate counsel in various respects and that the state courts' decision to deny state habeas relief involved an unreasonable application of United State Supreme Court precedent and/or was based on an unreasonable determination of the facts in light of the evidence presented in state court. (Pet. 6-7 & Pet'r's Mem. 16, doc. 1.[2])

## III. RULE 5 STATEMENT

Respondent does not allege that the petition is barred by

---

[2]Because petitioner's memorandum in support and appendices, some of which are not paginated, are attached to the form petition, those documents are referred to and cited as part of the petition and the pagination in the ECF header is used.

successiveness, the federal statute of limitations, or a failure
to exhaust state-court remedies. (Resp't's Answer 5.)

## IV. STANDARD OF REVIEW

A § 2254 habeas petition is governed by the heightened
standard of review provided for by the Anti-Terrorism and
Effective Death Penalty Act (AEDPA). 28 U.S.C. § 2254. Under the
Act, a writ of habeas corpus should be granted only if a state
court arrives at a decision that is contrary to or an
unreasonable application of clearly established federal law as
determined by the United States Supreme Court or that is based on
an unreasonable determination of the facts in light of the record
before the state court. 28 U.S.C. § 2254(d)(1)-(2); *Harrington v.
Richter,* 562 U.S. 86, 100-01 (2011).

The statute also requires that federal courts give great
deference to a state court's factual findings. *Hill v. Johnson,*
210 F.3d 481, 485 (5th Cir. 2000). Section 2254(e)(1) provides
that a determination of a factual issue made by a state court
shall be presumed to be correct. A petitioner has the burden of
rebutting the presumption of correctness by clear and convincing
evidence. 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell,* 537 U.S.
322, 340 (2003); *Williams v. Taylor,* 529 U.S. 362, 399 (2000).
Additionally, when the Texas Court of Criminal Appeals, the
state's highest criminal court, denies relief on a state
habeas-corpus application without written order, typically it is

4

an adjudication on the merits, which is likewise entitled to this presumption. *Richter,* 562 U.S. at 100; *Ex parte Torres,* 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). In such a situation, a federal court "should 'look through' the unexplained decision to the last related state-court decision providing" particular reasons, both legal and factual, "presume that the unexplained decision adopted the same reasoning," and give appropriate deference to that decision. *Wilson v. Sellers,* 138 S. Ct. 1188, 1191-92 (2018).

## V. DISCUSSION

Petitioner claims that he received ineffective assistance of trial and appellate counsel. A criminal defendant has a constitutional right to the effective assistance of counsel at trial and on a first appeal as of right. U.S. CONST. amend. VI, XIV; *Evitts v. Lucey*, 469 U.S. 387, 393-95 (1985); *Strickland v. Washington*, 466 U.S. 668, 688 (1984); *Anders v. California*, 386 U.S. 738, 744 (1967). To establish ineffective assistance of counsel, a petitioner must show (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that but for counsel's deficient performance the result of the proceeding would have been different. *Strickland*, 466 U.S. at 688. In applying this test, a court must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Id*. at 668, 688-89. Judicial

scrutiny of counsel's performance must be highly deferential and every effort must be made to eliminate the distorting effects of hindsight. *Id.* at 689.

Ineffective-assistance-of-counsel claims are considered mixed questions of law and fact and, therefore, are analyzed under the "unreasonable application" standard of § 2254(d)(1). *See Gregory v. Thaler,* 601 F.3d 347, 351 (5th Cir. 2010). Where, as here, the state courts adjudicated the ineffective-assistance claims on the merits, this court must review petitioner's claims under the "doubly deferential" standards of both *Strickland* and § 2254(d). *Cullen v. Pinholster,* 563 U.S. 170, 190 (2011). In such cases, the "pivotal question" for this court is not "whether defense counsel's performance fell below *Strickland*'s standard"; it is "whether the state court's application of the *Strickland* standard was unreasonable." *Richter,* 562 U.S. at 101. *See also id.* at 105 ("Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so. (internal quotation marks and citations omitted)).

Petitioner asserts that his counsel was ineffective in the following respects:

(1) trial counsel failed to investigate the facts

6

before he wrote and filed the motion to suppress
and failed to "connect any specific issues of
police misconduct in using excessive force in a
non felony traffic violation arrest as a reason to
suppress; causing error of specific 4th Amendment
violation";

(2)     trial counsel entered "the search warrant by
        attaching it to the written motion to suppress
        when the State had not entered it at [the]
        pretrial hearing on [the] motion to suppress and
        counsel 'challenged the existence of the search
        warrant at the hearing but failed to object to
        every mention of it throughout that hearing";

(3)     trial counsel failed to file a motion in limine to
        stop the state from eliciting testimony concerning
        his bad character;

(4)     trial counsel failed to interview or call the Fort
        Worth patrol officers who videotaped the stop and
        arrest "to testify about the videos [sic]
        completeness and the actual alleged stop sign
        violation";

(5)     trial counsel failed to object to testimony
        alluding to his character on two separate
        occasions during direct examination of Officer Ho;

(6)     trial counsel failed to object to the jury's
        request during its deliberation for a copy of both
        parts of the search warrant and a list of items of
        proof of intent;

(7)     trial counsel failed to request an article 38.23
        instruction be given to the jury "concerning
        illegal arrest, police misconduct [sic] using
        excessive force in non felony traffic stop
        arrest"; and

(8)     appellate counsel failed to argue "for a proper
        4th Amendment analysis and/or a deferential review
        of video of arrest and stop on direct appeal."

(Pet. 24, doc. 1; SHR02 9, doc. 11-27.) Petitioner's claims are

addressed in this opinion to the extent they were exhausted in

7

state court.

Counsel Danny Burns represented petitioner at trial and on appeal. He submitted an affidavit in the state habeas proceeding responding to petitioner's allegations, in relevant part, as follows (all spelling, grammatical, and/or punctuation errors are in the original):

> I was retained to represent [petitioner] on a charge of Possession of a Controlled Substance with intent to deliver over 4 grams but less than 200 grams of Methamphetamine in 2010. His aunt and uncle hired at his request and I talked with him about the case and how he got arrested. After I obtained discovery from the State, I went over the allegations and the State's version of what happened. His version was not much different from the State's version. On December 17, 2009 he was driving to his home and noticed the suspicious cars around the house and he decided to keep going by the house. He still had some drugs he had not been able to sell in his vehicle. When he noticed the vehicles following him, he took off. The officers pursued him. He claims he got out of their sight and considered getting rid of the dope, but he decided to try to lose the cops and keep the methamphetamine. The officers had a search warrant for his house and the vehicle. I filed a motion to suppress on the search warrant and the pursuant chase. The State had not relied on the search warrant and so we did not address those issues, because the State refused to introduce any search warrant during the Motion to Suppress hearing nor attempt to prove if up as admissible even at the end of the trial when the trial court admitted it. The defense contested that any search warrant existed because the State had not produced it. The two issues raised on appeal regarding the search and seizure were based upon the absence of the search warrant being produced by the State. The Court of Appeals ignored the fact that the State did not produce nor prove the admissibility of the search warrant even when the State offered it without proof, at the end of the trial. The appellate courts give greater leeway to a search conducted pursuant to a search warrant required by both the Texas and United States

8

Constitutions than to a warrantless search. My
arguments were that the State did not rely on any
search warrant. The fact that [petitioner] ran the stop
sign gave at least some grounds for the stop but the
excessive force, complained of and questioned about
during the hearing was an issue raised with the trial
court and should have been addressed by the Court of
Appeals. I had agreed to do the appeal without pay (pro
bono) to the Second Court of Appeals but I never agreed
to go further for no payments. I did agree that if they
would pay $250.00 for the expense of my secretary,
paper and postage, I would file for a Petition for
Discretionary Review but no one would pay the expenses.
On the sufficiency of the evidence, there was never any
evidence of the methamphetamine bing in [petitioner]'s
hands, pockets, or otherwise than that after being
thrown to the ground he was laying on the packets. At
the suppression hearing, I asked the Judge to allow me
to talk with [petitioner] and he allowed me to talk
with him and [petitioner] did not want to testify or
call any witnesses on the Motion.

As regards my not asking for a continuance in
order to subpoena the missing officers so they could
give even more harmful, corroborating, and prejudicial
evidence, I believe that having the State proceed
without all their guns on board was and is the correct
decision for the defense.

The issues regarding the extraneous matters
brought up were trivial and even I do not believe they
could have affected his substantial rights as required
by Texas Rules of Appellate Procedure, Rule 44.2(b). I
made the proper objections during the trial but did not
go so far as emphasizing his bad character and I did
not open the door to his extensive criminal history, a
copy of which from the Tarrant County District Clerk's
website is attached . . . and made a part hereof by
reference. As for the admission of the search warrant,
it was admitted over my objections and the jury never
received the Affidavit for the Search Warrant because
it was admitted for record purposes only. The admission
of the search warrant was without a proper predicate
and I feel should not have been considered by the trial
court or the appellate court since the State did not
admit it at the time of the hearing on the Motion to
Suppress. The only jury note was asking for the search
warrant and the affidavit for search warrant. The trial

9

court's reply was to send in the search warrant which he had admitted into evidence over my objections and telling the jury that that was all that had been admitted for their consideration. I filed a Motion for New Trial to allow us to get a copy of the record and also to bring before the trial judge the major issues which had already been briefed before the Court as evidenced by the record. I admitted the tape showing the force used to drag [petitioner] out of the vehicle and throw/place him on the ground. The inconsistent testimony of Officer Ho alleged by [petitioner] does address what he claims are inconsistencies. I argued the inconsistencies of Mr. Ho's testimony . . . and it was the juries job to consider and apply those inconsistencies, which they did. The decision to believe or disbelieve all or part of the testimony of any witness is the exclusive prerogative and duty of the jury. The decision to believe or disbelieve a witness is not an appellate issue.

As far as the search issues, I discussed the problems we had and the fact that if the Appellate Court considered the search warrant, we lose those issues but [petitioner] acknowledged that he understood and wanted to proceed in that manner.

On the comments on his silence, the error was not direct and egregious enough to warrant a reversal, and the objection to the statue rather than saying comment on his failure to testify stopped the State's use of his silence and rendered any harm minimal and subject to a harmless error finding.

As for a request for a 38.23 instruction, there must be a disputed fact for the jury to decide. The only disputed fact was whether the State had connected the drugs to [petitioner] and that issue was in play when the case was argued and the jury did in fact return a verdict finding that the drugs under his prostrate body on the asphalt were connected to [petitioner].

[Petitioner] cannot point to any disputed fact to give rise to a request for a 38.23 instruction.

(SHR02 62-68, doc. 11-27 (citations omitted).)

In a supplemental affidavit, counsel provided the following

statement (all spelling, grammatical, and/or punctuation errors are in the original):

     a. A motion to suppress raises the issue of an illegal search and seizure. At the suppression hearing, new grounds can be alleged. A Motion to suppress is one way to raise the arguments and it puts the State on notice, however, an objection at the time the tainted evidence is offered preserves the error as well. The issues were addressed before the trial court.

     b. The search warrant was addressed during the suppression hearing. The failure to attach the search warrant is not fatal to any arguments made. A suppression hearing is intended to address the issues to be suppressed. Addressing the search warrant was necessary to the purpose of the hearing. Although the State was not relying on the search warrant for the stop and arrest, it was a part of the probable cause in the case.

     c. A motion in limine is used normally to keep out prejudicial testimony that would otherwise be admissible. The prosecutors in this case were and are well aware of the law, know how to try a case and the Motion was unnecessary. The testimony of Officer Ho was objected to and sustained (assuming the complained of testimony is the same as in the record). The continued emphasis on minimal issues simply adds to the harm in some cases. I believed this was one of those cases.

     d. The Motion for New Trial was filed to provide the trial court an avenue to grant a new trial but also to give the defendant time to decide if he wanted to appeal and also to give the court reporter time to prepare the record for appeal. The trial judge had already ruled on the errors and there was no change in the facts or the law in the intervening time.

     e. There was no issue to raise on appeal regarding the Motion for New Trial being overruled by operation of law. If we had additional evidence to present, then the Motion for New Trial would have had an evidentiary hearing.

     f. The jury arguments were not sufficiently egregious to warrant a reversal. There was no reason to

raise the issue.

     g. There was no good ground of error to be raised in reference to "recitals".

     h. The character evidence could have been an issue to raise but the error, if any, was clearly harmless error under 44.2(b) of the Texas Rules of Appellate Procedure.

     i. Trial courts do not make findings of fact and conclusions of law regarding evidentiary rulings. Explaining rulings, especially in front of the jury is an improper comment on the evidence by the trial judge.

(Id. at 94-96.)

Based on the submitted affidavits, the documentary record, and his own recollection of the trial proceedings, the state habeas judge entered the following relevant findings of fact, which, although numerous, are included to assist the reader (all spelling, grammatical, and/or punctuation errors are in the original):

**Factual Background—Pretrial**

     . . .

16. Mr. Burns obtained discovery from the State in this felony case and determined that the facts alleged differed little from [petitioner]'s version of what occurred.

17. Mr. Burns believed that the traffic violations [petitioner] committed during his flight from the vicinity of his home were the basis for the officers' stop of [petitioner]'s vehicle, as well as the subsequent search of the vehicle, not the already-obtained search warrant.

18. Mr. Burns also believed that the State's evidence proving [petitioner]'s "possession" of the methamphetamine provided a viable defense attack

12

since the contraband was found on the ground below
[petitioner]'s body after he had been removed from
his vehicle.

19.  Mr. Burns filed a detailed motion to suppress; he
     attached the search warrant to the motion to
     suppress.

20.  The trial court held a suppression hearing in
     April of 2010. Officer Ho was sole witness.
     [Petitioner] decided not to testify at the motion
     to suppress after he consulted with his counsel.

21.  Mr. Burns strategically decided not to subpoena
     the myriad other officers involved in the stop,
     believing that it better served [petitioner] for
     "the State [to] proceed without all their guns on
     board."

22.  During the suppression hearing, [petitioner]
     questioned the validity of the seizure of drugs
     found on the ground underneath [petitioner], as
     well as the seizure of drugs from the vehicle
     based on the officers' purportedly illegal stop of
     the vehicle and illegal search of the car.

23.  The trial court denied the motion to suppress,
     concluding that the officers lawfully stopped
     [petitioner]'s vehicle based on both the search
     warrant and the three traffic violations.

24.  [Petitioner]'s counsel requested and the trial
     judge entered written findings of fact and
     conclusions of law.

25.  The trial court entered the following factfindings
     after the conclusion of the suppression hearing:

     1.  Officer Hung Ho was employed as a police
         officer assigned to the Tarrant County,
         Texas, narcotics unit on December 17, 2009.

     2.  Officer Ho, on December 16, 2009, had
         obtained a search warrant for a residence
         located at 2604 Hale Avenue, Fort Worth,
         Texas. Additionally, the search warrant
         authorized the search of a 1999 tan Chevrolet
         Blazer automobile with a license number of

the vehicle listed in the search warrant.

3.    On December 17, 2009, Officer Ho, while conducting surveillance of the residence at 2604 Hale Avenue, Fort North, Texas, observed the target vehicle, the 1999 Chevrolet Blazer automobile, approach the residence.

4.    The vehicle drove past the residence and Officer Ho began following the vehicle.

5.    Officer Ho, during the period that he was following the target vehicle, observed the vehicle commit three traffic violations, specifically, twice fail to signal a turn and failure to stop at a stop sign.

6.    The target vehicle was stopped as a result of the three traffic violations and for being listed in the search warrant.

7.    [Petitioner] was the driver and sole occupant of the vehicle.

8.    [Petitioner] was removed from the vehicle, placed face down on the ground, and handcuffed.

9.    Upon rolling [petitioner] over and attempting to assist him to stand up, bags containing methamphetamine were seen on the ground directly underneath where [petitioner] had been laying.

10.   The search warrant that had been obtained on December 16, 2009, was not introduced into evidence by the State or the Defense [during the motion to suppress].

26. The trial court entered the following conclusions of law after the conclusion of the suppression hearing:

1.    Officer Ho had reasonable suspicion to detain [petitioner] as a result of the search warrant that was issued on December 16, 2009.

2.    Officer Ho's (sic) had reasonable suspicion

to detain [petitioner] as a result of the
commission of three traffic violations
committed by [petitioner] while driving the
target vehicle described in the search
warrant that had been obtained on the
previous day.

3.   The three traffic violations were offenses
     that could result in an arrest of the person.

4.   Officer Ho was justified in the arrest of
     [petitioner].

5.   The narcotics that were discovered as a
     result of the arrest of [petitioner] on the
     street directly underneath where [petitioner]
     had been laying are admissible at trial.

**Factual Background—Trial**

     .  .  .

28.  Trial counsel did not file any motion in limine,
     instead, choosing to object when necessary.

29.  Trial counsel successfully objected to character
     evidence, but decided not to continually emphasize
     minimal issues by further objecting.

30.  Trial counsel avers that continued emphasis on
     minimal issues via objecting during trial harms a
     defendant's case; trial counsel opined that this
     case would have been harmed had he repeatedly
     objected regarding minimal matters, especially
     since the prosecutors were experienced and
     knowledgeable on the law.

31.  During the trial, [petitioner]'s counsel decided
     when to object and when not to object in order to
     protect [petitioner]'s rights  and not open the
     door to [petitioner]'s extensive criminal history,
     but trial counsel also strategically sought not to
     emphasis [petitioner]'s bad character with
     objections.

32.  [Petitioner] does not identify the complained-of
     character evidence admitted during his trial.

33.   [Petitioner] does not explain that there was a
      reasonable probability that the result of the
      proceeding would have been different, but for
      counsel's alleged failure to object to evidence of
      bad character.

34.   During the trial, the parties and trial judge
      discussed the search warrant; the warrant—but not
      the affidavit—was admitted as an exhibit over
      [petitioner]'s objection.

35.   Trial counsel opined that the only disputed trial
      issue involved whether [petitioner] possessed the
      drugs found underneath his prostrate body on the
      asphalt.

36.   [Petitioner] does not identify any affirmatively
      contradicted evidence regarding the lawfulness of
      the officers' discovery of contraband underneath
      his body upon his arrest which would have required
      the submission of an instruction pursuant to Tex.
      Code Grim. Proc. 38.23(a).

37.   No evidence affirmatively contradicted the
      lawfulness of the officers' discovery of
      contraband underneath [petitioner]'s body when he
      was arrested, hence trial counsel did not request
      an instruction pursuant to article 38.23(a).

38.   The trial court did not submit an instruction
      pursuant to Tex. Code Crim. App. art. 38.23(a) to
      the jury.

39.   During jury argument, trial counsel's argument
      addressed perceived inconsistencies in Officer
      Ho's testimony.

40.   [Petitioner] does not identify State's arguments
      that purportedly commented on his failure to
      testify.

41.   Trial counsel believed that any comments made
      during the State's jury arguments did not rise to
      a harmful level.

42.   The trial court provided the jury with a copy of
      the search warrant when requested, but not the
      search warrant affidavit since it had not been

admitted into evidence.

. . .

**Factual Background—Appeal**

. . .

46. Mr. Burns filed a detailed motion for new trial
    that raised complaints alleging evidentiary
    insufficiency and that the State's jury argument
    commented on [petitioner]'s failure to testify.

47. [Petitioner]'s trial counsel filed a motion for
    new trial "to provide the trial court an avenue to
    grant a new trial but also to give the defendant
    time to decide if he wanted to appeal and also to
    give the court reporter time to prepare the record
    for appeal."

48. Mr. Burns decided not to request a hearing on the
    motion for new trial he filed because "the trial
    judge had already ruled on the errors and there
    was no change in the facts or the law in the
    intervening time."

49. Allowing a motion for new trial to be overruled by
    operation of law provides a longer period of time
    for record preparation and review than asking for
    an earlier ruling.

50. [Petitioner] does not identify any fact or
    argument that necessitated a motion for new trial
    hearing.

51. No motion-for-new-trial issue involving additional
    evidence existed.

52. The trial court did not hold a hearing on the
    motion for new trial.

53. The motion for new trial was overruled by
    operation of law.

54. On appeal, [petitioner] raised three complaints:

    1. The trial court erred by denying his motion
       to suppress because the police officers used

excessive force while arresting him;

2.    The trial court erred by denying his motion
      to suppress evidence found in the car because
      the search violated *Arizona v. Gant,* 556 U.S.
      332, 351 (2009); and

3:    Insufficient evidence supported his
      conviction.

55.  The Second Court of Appeals affirmed
     [petitioner]'s conviction resolving each issue as
     follows:

1.    [Petitioner] forfeited his excessive force
      argument because the complaint was not
      preserved;

2.    The trial court did not err by expressly
      finding that a warrant authorized the vehicle
      search because the uncontradicted pretrial
      testimony recognized the existence of the
      warrant and [petitioner] had attached a copy
      of the warrant to his motion to suppress; and

3.    Viewing the evidence in the light most
      clearly to the jury's verdict, sufficient
      evidence proved [petitioner] intentionally
      possessed the methamphetamine found
      underneath him when he was arrested.

56.  Mr. Burns raised an evidentiary sufficiency claim
     on appeal because there was no direct evidence
     that the contraband had been in [petitioner]'s
     hands, pockets, or similar—only that it had been
     found on the ground below his body; this issue
     addressed the perceived inconsistencies arising
     from Officer Ho's testimony.

57.  Mr. Burns determined that no viable appellate
     claim existed regarding the jury argument that
     purportedly commented on [petitioner]'s silence
     since the comments were not direct, nor egregious.

58.  Mr. Burn[s] determined that no viable appellate
     claim existed regarding the motion for new trial
     being overruled by operation of law.

59.  Mr. Burns determined that no viable appellate
     claim existed regarding the jury's receipt of
     "other" evidence including "recitals" based on the
     trial court's providing the jury with the warrant
     during deliberations when requested.

60.  Mr. Burns determined that no viable appellate
     claim existed regarding claims of improper
     admission of character evidence at trial because
     any complaint would have been harmless.

61.  Mr. Burns determined that no viable appellate
     claim existed regarding the standard of review
     with respect to the trial court's findings of fact
     and conclusions of law. In addition, trial counsel
     explained these appellate concerns with
     [petitioner].

62.  [Petitioner] does not identify cumulative errors
     trial counsel should have preserved and how they
     purportedly harmed him.

63.  The affidavits of Danny D. Burns' are credible and
     reliable.

64.  The Writ Transcript and the Burns affidavits
     undermine [petitioner]'s claims of pretrial,
     trial, and appellate ineffective assistance.

(Id. at 115-25 (citations omitted).)

Based on its findings, and applying the *Strickland* standard,
as well as other relevant Supreme Court precedent and state law,
the state court entered the following legal conclusions:

**Effective Assistance—Pretrial**

9.  The Fourth Amendment provides, "The right of the
    people to be secure in their persons, houses,
    papers, and effects, against unreasonable searches
    and seizures, shall not be violated, and no
    Warrants shall issue, but upon probable cause,
    supported by Oath or affirmation, and particularly
    describing the place to be searched, and the
    persons or things to be seized."

10. There exists a constitutional preference for searches to be conducted pursuant to a warrant.

11. Unreasonable search and seizures are unconstitutional.

12. Warrantless searches are per se unreasonable unless they fall under one of a few exceptions.

13. Law enforcement officers were entitled to stop [petitioner] based on their obtaining a search warrant that specifically identified [petitioner]'s vehicle.

14. Law enforcement officers were entitled to stop [petitioner] based on observed traffic violations even though they actually sought [petitioner] for drug-related activity.

15. Trial courts reviewing a magistrate's probable-cause determination act as the sole finder of fact and judge of witness credibility to determine what weight to give testimony, even if controverted.

16. The trial judge found two legal bases supporting the stop of [petitioner]'s vehicle: the search warrant and the officers' observation of traffic violations.

17. A trial court's ruling must be upheld if it is correct under any theory of law applicable to the case. Since [petitioner] failed to assert facts undermining the validity of both of these legal theories, he failed to carry his habeas burden regarding his counsel's assistance regarding the motion to suppress.

18. A trial counsel's failure to file a motion to suppress is not per se ineffective assistance of counsel.

19. In this case, counsel filed a motion to suppress; trial counsel's decision to contest the traffic stop in that motion, not the warrant, was the result of reasonable trial strategy.

20. Counsel's stated reason for not requesting to continue the suppression hearing in order to call

all of the other officers who had been present at the scene was the result of reasonable trial strategy.

21. [Petitioner]'s trial counsel provided reasonably effective assistance of counsel pretrial.

**Effective Assistance—Trial**

22. A motion in limine is a preliminary ruling that preserves nothing for review.

23. [Petitioner]'s decision not to file a motion in limine and to, instead, object to trial evidence was the result of reasonable trial strategy.

24. By failing to point to specific unobjected-to evidence of bad character, [petitioner] failed to state facts that, if true, would entitle him to the requested relief.

25. The alleged improper admission of character evidence is subject to a harmless error analysis.

26. By failing to explain that there was a reasonable probability that the result of the proceeding would have been different, but for counsel's alleged failure to object to evidence of bad character; therefore, [petitioner] has failed to state facts that, if true, would entitle him to the requested relief.

27. Trial counsel successfully objected to character evidence, but decided not to continually emphasize minimal issues; trial counsel's decisions were the result of reasonable trial strategy.

28. After receiving the jury's request during deliberations, the trial court lawfully submitted the search warrant exhibit to the jury in compliance with Tex. Code Crim. Proc. art. 36.25.

29. By failing to identify any affirmatively contradicted evidence regarding the legality of the officers' discovery of contraband underneath his body upon his arrest, [petitioner] has failed to state facts that, if true, would entitle him to the requested relief.

30. [Petitioner]'s trial counsel did not request an instruction pursuant to article 38.23(a) because no issue involved an affirmatively contested fact that would give rise to such an instruction, nor has [petitioner] pointed to any such fact.

31. Trial counsel's decision not to request a jury instruction pursuant to article 38.23(a) was the result of reasonable trial strategy.

32. Trial counsel's belief that the only disputed trial issue—possession—was a factor for the jury to decide was the result of an accurate assessment of the law and reasonable trial strategy.

33. [Petitioner]'s trial counsel provided reasonably effective assistance of counsel at trial.

**Effective Assistance—Appeal**

34. The *Strickland v. Washington* test governs the standard of review for ineffective assistance of appellate counsel claims, as well as ineffective assistance of trial counsel claims.

35. "To show that appellate counsel was constitutionally ineffective for failing to assert a particular point of error on appeal, an [petitioner] must prove that (1) 'counsel's decision not to raise a particular point of error was objectively unreasonable,' and (2) there is a reasonable probability that, but for counsel's failure to raise that particular issue, he would have prevailed on appeal. An attorney 'need not advance every argument, regardless of merit, urged by the appellant.' However, if appellate counsel fails to raise a claim that has indisputable merit under well-settled law and would necessarily result in reversible error, appellate counsel is ineffective for failing to raise it.

36. An attorney is prohibited from raising claims on appeal that are not founded in the record.

37. An attorney is under an ethical obligation not to raise frivolous issues on appeal.

38. No absolute right to a hearing on a motion for new

22

trial exists.

39. No hearing is required on a motion for new trial when the issues raised in the motion can be determined from the record.

40. The issues Mr. Burns raised in the motion for new trial did not require a hearing and Mr. Burns' stated reason for the motion for new trial—allow time to consider whether to pursue an appeal—constituted reasonable appellate strategy.

41. Mr. Burns' determination that there was no legal reason to raise an appellate issue regarding the lack of a hearing on the motion for new trial was the result of reasonable appellate strategy.

42. Proper jury argument is generally limited to the following topics although the State is afforded wide latitude: (1) summation of the evidence presented at trial; (2) reasonable deductions drawn from that evidence; (3) answers to opposing counsel's argument; and (4) pleas for law enforcement.

43. Improper jury argument includes comments on a defendant's failure to testify, violating the right against compelled self-incrimination.

44. A prosecutor's argument impermissibly comments on a defendant's failure to testify only if, when viewed from the jury's standpoint, the comment is manifestly intended to be, or is of such character that a typical jury would naturally and necessarily take it to be, a comment on the defendant's failure to testify; a defendant will not prevail on appeal if the comment might only be construed as an implied or indirect allusion to a defendant's failure to testify.

45. Courts review a trial court's ruling on an objection to improper jury argument for abuse of discretion.

46. By failing to specify the jury argument that purportedly commented on his failure to testify, [petitioner] failed to state facts that, if true, would entitle him to the requested relief.

47. Mr. Burns' determination that no viable appellate claim existed regarding the jury argument that purportedly commented on [petitioner]'s silence since the comments were not direct, nor egregious was the result of reasonable appellate strategy.

48. The trial court lawfully submitted only the search warrant exhibit to the jury in compliance with Tex. Code Crim. Proc. art. 36.25 ("There shall be furnished to the jury upon its request any exhibits admitted as evidence in the case.").

49. Mr. Burns' determination that no viable appellate claim existed regarding the jury's receipt of "other" evidence including "recitals" was the result of reasonable appellate strategy.

50. On appeal, Mr. Burns raised, albeit unsuccessfully, two search and seizure issues.

51. Appellate courts review a trial court's motion-to-suppress ruling—including a trial judge's written findings—in the light most favorable to the trial court's ruling. A trial court's legal conclusions are reviewed de novo unless its explicit factfindings that are supported by the record are also dispositive of the legal ruling.

52. A trial court's ruling must be upheld if it is correct under any theory of law applicable to the case.

53. Since the trial judge found two legal bases supporting the stop of [petitioner]'s vehicle—the search warrant and the traffic violations—and [petitioner] failed to assert facts undermining the validity of the search warrant, [petitioner] failed to carry his habeas burden regarding counsel's purported ineffectiveness relating to any search and seizure claim on appeal.

54. Mr. Burns' habeas averment that no viable appellate claim existed regarding the standard of review with respect to the trial court's findings of fact and conclusions of law is the result of sound legal strategy and does not reveal any deficient appellate performance since counsel is

not required to pursue futile claims.

55. Mr. Burns raised an evidentiary sufficiency claim on appeal because there was no direct evidence that the contraband had been in [petitioner]'s hands, pockets, or similar—only that it had been found on the ground below his body; Mr. Burns' decision to raise this appellate issue addressed the perceived inconsistencies arising from Officer Ho's testimony and constituted a reasonable exercise of appellate strategy.

56. By failing to identify what cumulative errors his trial counsel should have preserved and later presented on appeal, [petitioner] failed to state facts that, if true, would entitle him to the requested relief.

57. [Petitioner]'s trial counsel provided reasonably effective assistance of counsel on appeal.

(Id. at 127-33 (citations omitted).)

The state court applied the proper legal standard and, deferring to the state court's factual findings, including the court's credibility determinations, the court's application of that standard is not objectively unreasonable. Petitioner's claims are largely conclusory, with no legal and/or evidentiary basis, involve state evidentiary rulings or other matters of state law, involve strategic and tactical decisions made by counsel, or would have required counsel to make frivolous motions or objections, all of which generally do not entitle a state petitioner to federal habeas relief. *See, e.g., Strickland,* 460 U.S. at 689 (holding strategic decisions by counsel are virtually unchallengeable and generally do not provide a basis for postconviction relief on the grounds of ineffective assistance of

counsel); *Johnson v. Cockrell*, 306 F.3d 249, 255 (5th Cir. 2002) (concluding that counsel is not required to make futile motions or frivolous objections); *Green v. Johnson*, 160 F.3d 1029, 1037, 1042 (5th Cir. 1998) ("[m]ere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue" and "counsel is not required to file frivolous motions or make frivolous objections"). Nor does petitioner identify any potentially meritorious issues that counsel should have raised on direct appeal.

A petitioner shoulders a heavy burden to refute the premise that "an attorney's actions are strongly presumed to have fallen within the wide range of reasonable professional assistance." *Messer v. Kemp*, 760 F.2d 1080, 1090 (11th Cir. 1985). Petitioner presents no evidentiary, factual, or legal basis in this federal habeas action that could lead the court to conclude that the state courts unreasonably applied the standards set forth in *Strickland* based on the evidence presented in state court. 28 U.S.C. § 2254(d).

For the reasons discussed herein,

The court ORDERS that the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby,

denied. The court further ORDERS that a certificate of appealability be, and is hereby, denied.

SIGNED January __29__, 2019.


JOHN McBRYDE
UNITED STATES DISTRICT JUDGE